## WALTON v. WEST.

### April 29, 1837.

*Exceptions to Auditor's Report.*

On a sheriff's sale of real estate, the owner of a rent charge on the same is not entitled, out of the proceeds of sale, to rent which accrues after the day of sale, and before the confirmation of the deed.

THIS was a *venditioni exponas* to September term, 1835, No. 227. The property named in the writ was sold by the sheriff on the 23d September, 1835, it being subject to an annual rent charge. The sheriff's deed was acknowledged on April 26th, 1836, there having been opposition to the sale, and a motion made to set it aside, which was eventually refused. The purchase money was paid into court, and an auditor was appointed to distribute the same. The owner of the rent charge claimed out of the fund the six months rent which had accrued in the interim, between the sale and its confirmation by the court. The auditor disallowed this claim, and exception to his decision on this point was taken.

[Walton v. West.]

This exception was argued by

*S. G. T. Campbell,* for the exceptant, and
*J. M. Read,* contra.

PER CURIAM.—Rent accruing on a charge created by deed, is a lien having priority out of the fund to all liens which attach subsequent to the creation of the charge. It has been held, that a judicial sale divests the property in the hands of the purchaser of all liens, except where provision is made to the contrary by act of assembly, and all claims on the estate up to the time of sale, are turned over to the fund. *After* the sale, the property in the hands of the purchaser is liable to rent accruing, the covenant running with the land. The fund, as to all matters *antecedent* to the sale, is substituted for the land, and the litigation of that fund in court, can give the owner no better claim on it for rent accruing after the sale, than it could give to the holder of a judgment for interest accruing after the date of sale, and before the confirmation of the deed, which is inadmissible.

Exception dismissed.